| | |
|---|---|
| Russell L. Holley, #286362, ) | |
| ) | Civil Action No. 5:11-1814-CMC-KDW |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Anthony J. Padula, Warden, ) | |
| ) | |
| Respondent. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

Petitioner, Russell L. Holley ("Petitioner" or "Holley"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 26, 27. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 28. Petitioner filed a response in opposition to Respondent's motion. ECF No. 37. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 26, be granted.

## I.  Factual Background

Petitioner was indicted by the York County Grand Jury during the March 2002 term of court for Murder (#2002-GS-46-0698) and Assault and Battery of a High and Aggravated Nature ("ABHAN") (#2002-GS-46-0700) relating to the stabbing death of his long-time girlfriend,

Sylvia Floyd ("Victim"). App. 539-42.[1] On August 5-7, 2002, a jury trial was conducted before the Honorable Lee S. Alford in York, South Carolina. App. 1-407. Attorney Adrian E. Cooper represented Petitioner, and Assistant Solicitors Daniel Hall and Phil Smith represented the State. App. 1. Petitioner was convicted on both charges, receiving a sentence of life without parole on the murder charge and ten years concurrent on the ABHAN charge. App. 397-98, 406-07.

II.  Procedural History

After trial counsel timely filed and served the notice of appeal, Petitioner, represented by Robert M. Dudek, Esq., of the South Carolina Office of Appellate Defense, filed an *Anders*[2] brief arguing that "the judge erred by refusing to charge involuntary manslaughter where he reasoned self-defense and involuntary manslaughter were always mutually exclusive legal concepts, and where there was evidence the appellant was defending himself against the decedent and evidence the decedent may have been accidentally stabbed with the knife she was wielding during her fight with the appellant." Supp. App. 14-26. Thereafter, and pursuant to the *Anders* procedure, Petitioner submitted a pro se brief asserting the following issues: (1) "[t]rial [j]udge err[ed] in not granting [d]efense motion for a direct[ed] verdict of guilty of murder and ABHN in that the State failure in its whole case to establish any elements of the charge of murder and ABHN[;]" (2) "[a]ppellant should be granted a new trial on the basis that the that (sic) chain of custody of the items taken from Appellant for blood test was fatally defective in the processing of these items[;]" (3) "[a]ppellant should be granted a new trial on the basis on the fact that [a]ppellant

---

[1] Citations to "App." and "Supp. App." refer to the Appendix and Supplemental Appendix for Writ of Certiorari as to Petitioner's claim for collateral relief in the state courts of South Carolina, which is available at ECF Nos. 27-1 through 27-7 in this habeas matter.  Page number references are to the pages as numbered in the Appendix.
[2] *See Anders v. California*, 386 U.S. 738 (1967).

was not charge[d] with the use of a deadly weapon but the use of a weapon was included in the [j]udge's instruction on the malice charge[;]" and (4) "[t]he trial [c]ourt erred by failing to grant the defense's motion to have the ABHAN charge severed from the charge of murder." ECF No. 27-8.

On September 16, 2004, the South Carolina Court of Appeals dismissed Petitioner's appeal, and pursuant to *Anders*, granted appellate counsel's petition to be relieved. Supp. App. 13. Petitioner filed a Petition for Rehearing, Supp. App. 3-12, that the Court of Appeals denied on November 18, 2004, Supp. App. 2. The remittitur was issued on December 28, 2004. Supp. App. 1. Petitioner failed to seek discretionary review to the South Carolina Supreme Court.

On February 25, 2005, Petitioner filed an application seeking post-conviction relief ("PCR"). App. 409-50. In his application, Petitioner argued he was entitled to relief on the following grounds:

> Issue A: Did the trial court lack subject matter jurisdiction due to the fatal variance between the evidence produced at trial and the allegations of the indictment for murder?
>
> Issue B: Was defense counsel ineffective in failing to move to suppress the White-T-Shirt involved in this case?
>
> Issue C: Was defense counsel ineffective in failing to strike two jurors for cause? (Jurors Nos. 164 and 189)?
>
> Issue D: Was defense counsel ineffective in failing to object to inflammatory and prejudicial opening statements by the Solicitor?
>
> Issue E: Was defense counsel ineffective in failing to object to the Solicitor's blostering (sic) of the case?
>
> Issue F: Was defense counsel ineffective in failing to object to the trial court's malice charge?
>
> Issue G: Was the Applicant's Sixth Amendment Right to a fair trial violated by the trial court's refusal to give defense counsel's requested charge?

App. 421.

In response, the State filed its return on August 17, 2005, requesting an evidentiary hearing on Petitioner's ineffective assistance of counsel claims. App. 451-57. Almost two years later, on August 16, 2007, an evidentiary hearing was conducted in York before the Honorable G. Edward Welmaker. App. 458. At the hearing Petitioner was represented by W. James Flynn, Esq., while the State was represented by Assistant Attorney General Ashley McMahan. *Id.* Petitioner's former defense attorney, Adrian Cooper, testified, along with Petitioner; his former girlfriend, Amanda Mobley Hemphill; and his brother, Jay Massey. App. 459. On October 9, 2007, the PCR court issued an order denying Petitioner relief and making the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony at the post conviction relief hearing. This Court has further had the opportunity to observe the witnesses presented at the hearing, closely pass upon their credibility and weigh their testimony accordingly. Set forth below are the relevant findings of facts and conclusions of law as required pursuant to S.C. Code Ann. §17-27-80 (2003).

> ### Ineffective Assistance of Counsel

> The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence." Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002) (citing Rule 71.1(e), SCRCP). Where ineffective assistance of counsel is alleged as a ground for relief, the Applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985).

> The proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. Courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Butler, Id. The

4

Applicant must overcome this presumption to receive relief. <u>Cherry v. State</u>, 300 S.C. 115, 386 S.E.2d 624 (1989).

Courts use a two pronged test in evaluating allegations of ineffective assistance of counsel. First, the Applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." <u>Cherry</u>, 300 S.C. at 117, 385 S.E.2d at 625, *citing* <u>Strickland</u>. Second, counsel's deficient performance must have prejudiced the Applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Cherry</u>, 300 S.C. at 117-18, 386 S.E.2d at 625.

<u>Summary of Testimony</u>

Applicant testified as to a number of complaints against trial counsel, however the thrust of his complaint is that trial counsel did not put up witnesses (including the Applicant) to support an involuntary manslaughter charge, did not object to the Solicitor's closing statement, failed to object to the indictment because it included the word "beating" and all evidence reflected death by stabbing, and failed to object to the trial court's malice charge to the jury. Applicant also testified that trial counsel didn't call two witnesses, Amanda Mobley, and his brother Jay Massey; that trial counsel told the Applicant he didn't call them because he didn't want to "get into character stuff." Applicant also asserted that since the jury asked for the malice charge to be re-read, that the charge was erroneous.

Jay Massey, the Applicant's brother, testified that the Applicant did not live with the victim but would testify at the trial that the victim and the Applicant were together. Amanda Mobley Hemphill testified that she was the second girlfriend, while the Applicant was dating the victim, and that she had a child with the Applicant. Ms. Mobley also said that she knew the Applicant was dating and living off and on with the victim and that she did not get along with the victim. She also stated that she was aware that the victim cut the Applicant years before and that during the trial, trial counsel told her he was not going to call her because she would get out too much information that could be dangerous.

Trial counsel testified that he was prepared for the trial and that he did not call Ms. Mobley or the Applicant's brother because he was concerned about what their testimony would be. Trial counsel also said that he asked for an involuntary manslaughter charge but it was denied and that his theory of the case was that there was a domestic argument, a fight and a struggle took place, the victim fell and had a knife, and the Applicant ran away. Trial counsel stated that "beating" probably could have been left out of the indictment since the pathology report said that the cause of death was by stabbing and that he could have objected to

that language before the indictment went back to the jury since "beating" could be prejudicial. Trial counsel said he did not force the Applicant not to testify; that it was the Applicant's decision, but that he gave the applicant his opinion and it was not to take the stand because it would only hurt his defense. Trial counsel added that in his opinion it was not worth the risk of putting the Applicant on the stand and that the Applicant had a pretty lengthy record.

## Findings

Our courts are understandably wary of second-guessing defense counsel's trial tactics. Where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance. Whitehead v. State, 308 S.C. 119, 417 S.E.2d 530 (1992). *See also* Dempsey v. State, 363 S.C. 365, 610 S.E.2d 812 (2005) *and* McLaughlin v. State, 352 S.C. 476, 575 S.E.2d 841 (2003). Here, trial counsel articulated valid strategic reasons for not calling the Applicant's brother and Ms. Mobley. The brother's testimony would have been more harmful than helpful regarding the issue of the prior relationship between the Applicant and the victim. From the reaction of the Applicant's former girlfriend, Ms. Mobley, to the on-threatening questions, it is understandable why trial counsel chose not to call her as a witness. Likewise, Applicant's decision not to testify was an acceptable and competent trial strategy at the time.

Also, trial counsel properly explained the withdrawal of the objection to the Solicitor's closing remarks. It was clear from the transcript of record of what occurred- the objection was made once the Applicant's name was used; but in the context of the argument, there was no error.) As for the Applicant's assertion that trial counsel should have objected to the Solicitor's opening statements and should have move to suppress evidence, error, if any, would not meet the Strickland standard. Further, the fact that the jury asked for the malice charge to be re-read does not mean that the charge was erroneous.

This Court finds in regards to the allegations of ineffective assistance of counsel the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in their representation, and that trial counsel's conduct does not fall below the objective standard of reasonableness.

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test – that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant.

This Court also finds the Applicant has failed to prove the second prong of Strickland – that he was prejudiced by trial counsel's performance. All complaints against trial counsel were not substantiated by the evidence nor by the transcript of record. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier *supra*. Therefore, this allegation is denied.

## Constitutional Violations

The Applicant alleges in his PCR application infringement of his rights under certain amendments to the United States Constitution. However, the Applicant fails to set forth with specificity the grounds upon which these constitutional violations are based. The Uniform Post-Conviction Procedure Act requires that the Applicant must "... specifically set forth the grounds upon which the application is based." Section 17-27-50 of the Code of Laws of South Carolina (1976). In an application for post-conviction relief, it is incumbent upon the Applicant to make at least a prima facie showing which would entitle him to relief before an evidentiary hearing will be scheduled and held. Welch v. MacDougall, 246 S.C. 258, 143 S.E.2d 455 (1965); Blandshaw v. State, 245 S.C. 385, 140 S.E.2d 784 (1965). Since the Applicant has failed to make even a prima facie showing, this allegation is denied.

## Subject Matter Jurisdiction

The Applicant has claimed that the trial court lacked subject matter jurisdiction due to defects in his indictment. Defects in the indictment do not affect subject matter jurisdiction. *See* State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005); U.S. v. Cotton, 535 U.S. 625, 122 S.Ct. 1781 (2002). The indictment is a notice document, and any challenges to its sufficiency must be made in accordance with S.C. Code Ann. § 17-19-90 (2003). *See also* S.C. Code § 17-19-20 (2003). Subject matter jurisdiction is the power of a court to hear a particular class of cases, and it has nothing to do with the indictment document. *See* Gentry, *supra*; Dove v. Gold Kist, Inc., 314 S.C. 235, 442 S.E.2d 598 (1994).

In post-conviction relief, an Applicant wishing to raise challenges to the sufficiency of an indictment must do so in the context of ineffective assistance of counsel, basically alleging that his trial counsel failed to properly move to quash the indictment in accordance with S.C. Code Ann. § 17-19-90 (2003).

An Applicant may still challenge the subject matter jurisdiction of the trial court, and such a claim is one that may be raised at any time. *See* Brown v. State, 343 S.C. 342, 540 S.E.2d 846 (2001), *overruled in part by* Gentry, *supra*. However, "[c]ircuit courts obviously have subject matter jurisdiction to try

criminal matters." <u>Gentry</u>, *supra*, 610 S.E.2d at 499; *See also* S.C. Const. Art. V, § 7. Thus, the Applicant must present evidence that his case is of some class over which the circuit court does not have the authority to preside. The Applicant's conviction involved a criminal charge in General Sessions Court. Thus, the circuit court had subject matter jurisdiction.

Further, Applicant's issue with the indictment using the word "beating" is without merit because verdict forms, rather than the indictments, were sent back to the jury to make their findings, with making a motion to quash this indictment meritless. (*See* Transcript p. 381, *et. seq.*) Therefore, based on the foregoing, this allegation is denied.

<u>All Other Allegations</u>

As to any and all allegations, which were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, this Court finds that the Applicant failed to present any probative evidence regarding such allegations. Accordingly, this Court finds that the Applicant waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they are denied and dismissed with prejudice.

<u>Conclusion</u>

Based on all the foregoing, this Court finds and concludes that the Applicant has not established any constitutional violations or deprivations that would require this court to grant his application. Therefore, this application for post conviction relief must be denied and dismissed with prejudice.

App. 531-37.

Petitioner did not file a Rule 59(e), SCRCP, Motion to Alter or Amend, and on November 5, 2007, PCR counsel filed a notice of appeal with the South Carolina Supreme Court. ECF No. 27-10 and 27-11.

On appeal, Petitioner, represented by Wanda H. Carter of the South Carolina Commission on Indigent Defense, filed a petition for writ of certiorari. However, after reviewing appellate counsel's petition for writ of certiorari, Petitioner asked the court to either order counsel to resubmit the petition for writ of certiorari to include additional issues, allow him to

supplement counsel's petition with a pro se petition, or relieve counsel and allow him to proceed pro se. *See* ECF No. 27-12. In response, the Court denied Petitioner's first two requests, but granted Petitioner's motion to proceed pro se. *Id.* Additionally, the court ruled counsel's previous petition would be withdrawn, Petitioner would be allowed to file a new petition, and the State, a new return. *Id.*

On January 29, 2009, Petitioner filed his pro se petition for writ of certiorari arguing: (1) "trial court erred for not charging involuntary manslaughter charge regarding to the struggle during the incident in question, there would have been sufficient evidence to warrant involuntary manslaughter charge in this case[;]" (2) "trial counsel was ineffective for failing to move to suppress the white t-shirt in this case and the murder weapon[;]" (3) "trial counsel was ineffective for failing to object to Solicitor's improper comment in the closing argument[;]" (4) "trial counsel was ineffective for failing to request a motion to quash the murder indictment[;]" and (5) "trial counsel was ineffective for failing to object to the trial court's unconstitutional malice charge that shifted the burden of proof." ECF No. 27-13 at 4. Thereafter, the State filed its return to the petition for writ of certiorari arguing Petitioner's first issue was procedurally barred under the *Simmons* doctrine,[3] the second issue was not preserved for review,[4] and there was probative evidence to support the PCR court's ruling on the remaining claims. ECF No. 27-14. Petitioner filed a reply to the State's return. ECF No. 27-15. The appeal was subsequently

---

[3] *See Simmons v. State*, 215 S.E.2d 883 (S.C. 1974) (explaining issues that could have been raised at trial or during direct appeal are not cognizable claims in a PCR action).

[4] *See Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007) (holding that issues not addressed in a PCR court order must be addressed via Rule 59(e), SCRCP Motion to Alter or Amend in order to preserve the issue for review).

transferred to the South Carolina Court of Appeals pursuant to Rule 243(l), SCACR. ECF No. 27-16.

On July 23, 2010, the South Carolina Court of Appeals denied the petition for writ of certiorari. ECF No. 27-17. After filing an unsuccessful petition for rehearing, ECF No. 27-18, Petitioner attempted to seek discretionary review in the South Carolina Supreme Court, a request which the court dismissed on September 16, 2010, ECF No. 27-19.[5] The remittitur was issued on September 20, 2010. ECF No. 27-20.

III. Discussion

A.    Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus, quoted verbatim:

> Issue No. 1:  Trial Judge erred by refusing charge involuntary manslaughter instruction where he reasoned self-defense and involuntary manslaughter were always mutually exclusive legal concepts and where there was evidence that Appellant was defending himself against the decedent may have been accidentally stabbed with the knife she was wielding during her fight with appellant?

> Issue No. 2:  Trial Court erred when it didn't grant a new trial based on the missing link in the chain of custody of items taken from Appellant for blood test. Fatally defective in processing of these items?

> Issue No. 3:  Trial Court erred when it didn't grant a new trial based on Appellant was not charged with the use of a deadly weapon but the use of a deadly weapon was included in the judge's instruction on the malice charge to jury?

> . . .

> Issue A:  Did the trial court lack subject-matter jurisdiction due to fatal variance between the evidence produced at trial and the allegations of the indictment for murder?

---

[5] *See State v. Lyles*, 673 S.E.2d 811, 812-13 (S.C. 2009) (explaining the Supreme Court of South Carolina will not review orders of the South Carolina Court of Appeals that deny certiorari in PCR cases).

[I]ssue B:  Was Defense Counsel ineffective for failing to move to suppress the white T-shirt involved in mentioned case?

Issue C:  Was Defense Counsel ineffective for failing to strike two (2) jurors  for cause?  (Jurors No. 164 and 189?)

Issue D:  Was Defense Counsel ineffective for failing to object to the inflammatory and prejudicial statements given by Solicitor?

Issue E:  Was Defense Counsel ineffective for failing to object to the Solicitor's bolstering of the case?

Issue F:  Was Defense Counsel ineffective for failing to object to the trial court's malice charge?

Issue G:  Was Defense Counsel ineffective for not compelling the Court to give the jury an involuntary manslaughter charge as the Court refusal violated Applicant's 6th Amend. right to a fair trial?

Issue H:  Was Applicant entitled to two (2) Attorneys to represent him at trial pursuant to his U.S. and S.C. Constitutional rights?

Addendum to Pet., ECF No. 1-2.

B.       Standard for Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.      Habeas Corpus Standard of Review

1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application

of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2.      Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a.      Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to

Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

b.      Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of

the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See*

*Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

3.  Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id*. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

4.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id*.

D.  Analysis

1.  Procedurally Barred Grounds

Respondent contends that Petitioner's Issues One through Three, Issues C through E, and Issues G and H[6] are procedurally barred to the extent they were not raised or preserved in state court. Procedural default is an affirmative defense that is waived if not raised by Respondent. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *See generally Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995). Having reviewed the record evidence and the parties' legal memoranda, the undersigned agrees with Respondent that Issues Two and Three, and Issues C, D, and H are barred. The undersigned will consider Issue One, Issues A and B, and Issues E, F and G on the merits, below.

Petitioner's Issue Two[7] (error of trial court regarding evidence chain of custody), and Issue Three[8] (error of trial court regarding jury charge on malice), are procedurally barred because they were not raised at trial, and therefore, not preserved when raised in Petitioner's pro se brief to the South Carolina Court of Appeals. "[A]n issue may not be raised for the first time on appeal; to preserve an issue for appeal, it must be raised to and ruled upon by the trial court, that is, the trial court must be given an opportunity to resolve the issue before it is presented to the appellate court." *Jenkins v. Bodison*, No. 4:09-cv-0267-GRA, 2010 WL 1073983 (D.S.C. Mar. 18, 2010) (citations omitted). Petitioner's counsel did not object to the introduction of

---

[6] In Respondent's brief, Petitioner's grounds are re-numbered to make all grounds numerical and to put all ineffective assistance of counsel claims under one ground with sub-parts. The undersigned will address each ground as set forth in Petitioner's Addendum to the Habeas Corpus Petition.

[7] The undersigned finds that this issue, even if not procedurally defaulted, is not cognizable in this federal habeas matter as it concerns evidence presented at the trial level.

[8] Issue F also refers to the trial court's jury charge on malice, but in the context of an ineffective assistance of counsel claim. As such, the undersigned will address Issue F on the merits below.

evidence because of a dispute regarding the chain of custody, nor did he object to the trial court's malice charge that included use a deadly weapon. Because the issue was not preserved for appeal, it cannot be brought forward now. Consequently, Petitioner failed to preserve these issues.

Petitioner asserts in Issues C and D that his trial counsel was ineffective for failing to strike two jurors for cause and failing to object to inflammatory opening statements made by the Solicitor. Having reviewed the record, the undersigned notes that Petitioner raised these issues in his pro se PCR application, App. 421, and at the PCR hearing, App. 513, 527. However, Petitioner did not preserve these issues on appeal in the collateral proceeding. *See* ECF No. 27-13 (Pet'r's Pet. for Writ of Cert. in PCR matter). Therefore, these grounds are procedurally barred from review.

In Issue H, Petitioner alleges for the first time that he was denied adequate representation because he was entitled to two attorneys at trial and had only one. Petitioner failed to raise this issue at the appropriate time in state court, and has no further means of bringing the issue before the state courts. Accordingly, Petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.

### 2. Petitioner Has Not Overcome the Procedural Bar

Petitioner has not shown sufficient cause and prejudice to excuse the default of the above-referenced claims. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, these issues are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Murray*, 477 U.S. 478; *Wainwright v. Sykes*, 433 U.S. at 88-91; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into federal court."). The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the State's procedural rule. *Murray*, 477 U.S. at 488.

Petitioner offers no reason for his failure to comply. To the contrary, Petitioner contends that he is not in default. In responding to Respondent's Motion for Summary Judgment as to his Issues Two and Three, Petitioner appears to argue that, because Respondent failed to present its arguments in state court, Respondent should also be precluded from raising its argument to the federal court. ECF No. 37 at 3. Petitioner further asserts that he "properly exhausted his case through the State Court available remedies, by a completed round of the State's established appellate review process" and he "never deliberately by pass state remedies." *Id.* at 6. As to his ineffective assistance of counsel claims, Petitioner argues that these "claims automatically established both cause and prejudice that never would bar a federal review as Respondent contends." *Id.* at 9. Petitioner asserts that in his response he has "well shown that his issues and grounds are preserved regardless how the State Courts passed up their opportunities to review them." *Id.* at 14.

The court finds that Petitioner has not presented sufficient cause and prejudice to excuse his procedural default as to Issues Two, Three, C, D and H, and those grounds should be dismissed.

3. Actual Innocence

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence. The Victim suffered injuries from multiple stab wounds and beating. Although there was no direct evidence Petitioner stabbed the Victim, two witnesses testified seeing Petitioner beat and kick the Victim in the head as she lay prostrate on her neighbor's porch. App. 101. When one witness, the victim's neighbor, opened her door and confronted Petitioner, he hit her in the face, breaking her nose. App. 101-02. Petitioner was chased away from the scene by a second witness. App. 137. The neighbor thought initially that the victim was beaten, but when she turned the victim over, she saw that the victim had been stabbed. App. 112. The pathologist testified that the victim had one wound to her scalp that had peeled the skin away from her skull, and three stab wounds, one of which was fatal. App. 205-07. At trial, Petitioner's counsel argued self-defense. App. 347. After a two-day trial, the jury found Petitioner guilty of murder and of ABHAN for his assault of the witness. App. 397-98. In light of the foregoing, Petitioner cannot show actual innocence.

Because Petitioner cannot establish actual innocence, the procedural bars apply to grounds identified as Issues Two, Three, C, D, and H. Therefore, it is recommended that Respondent's Motion for Summary Judgment be granted as to these grounds.

In *Kornahrens*, the Fourth Circuit Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. 66 F.3d 1350. The court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion that follows is dicta. *See Karsten v. Kaiser Found. Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations. Accordingly, the undersigned will not discuss the merits of the claims raised in Issues Two, Three, C, D, and H as these claims are procedurally barred.

B. Merits Review

1. **Issue One and Issue G:** Trial Judge Erred in Refusing to Charge Involuntary Manslaughter

Petitioner asserts in both Issue One and Issue G that he was prejudiced and did not receive a fair trial because the trial judge refused to charge the jury on involuntary manslaughter. Under South Carolina law involuntary manslaughter is the unintentional killing of another without malice while engaged in an unlawful act not naturally tending to cause death or great bodily harm, or the unintentional killing of another without malice while engaged in lawful activity with reckless disregard for the safety of others. *State v. Chatman*, 519 S.E.2d 100 (S.C. 1999).

The evidence presented in this case is that Petitioner beat and kicked the victim after she was stabbed multiple times. Petitioner contends that he was acting in self-defense, and although

he beat and kicked the victim, he did not deliver the fatal stab wound. The trial judge did not "see any facts in this that show that [Petitioner] was engaged in an unlawful activity not naturally tending to cause death or great bodily harm. . . . If he's acting in self-defense, then, it was not involuntary manslaughter. If it was involuntary manslaughter, it's not self-defense." App. 386. The court found, under the second scenario, if self-defense was considered a lawful activity, it would be a complete defense and mutually exclusive. *Id.* "[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because Petitioner was not entitled to a jury charge on involuntary manslaughter as a matter of state law, Petitioner cannot show an error in the trial court's decision. Petitioner was not entitled to an involuntary manslaughter instruction and the decision of the trial judge in that regard was not unreasonable. Therefore, Issue One and Issue G should be dismissed.

2.    **Issue A:** Lack of Subject Matter Jurisdiction

In Issue A, Petitioner asserts that the trial court lacked subject matter jurisdiction due to the "fatal variance between the evidence produced at trial and the allegations of the indictment for murder." ECF No. 1-2 at 5. State indictments are matters of state law not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998). The PCR court denied relief on this claim finding that "[d]efects in the indictment do not affect subject matter jurisdiction." App. 536. The PCR court further found that Petitioner's "conviction involved a criminal charge in General Sessions Court. Thus the circuit court had subject matter jurisdiction." App. 537. Petitioner cannot show the PCR court's denial of relief on this claim was the result of an unreasonable determination of the facts. Thus, Petitioner cannot show the

PCR court unreasonably applied federal law in denying relief on this claim. Any allegation that the circuit court lacked subject matter jurisdiction, or that Petitioner's indictment was defective must fail because those are issues of state law. Accordingly, Issue A should be dismissed.

3.    **Issues B, E, and F:**  Ineffective Assistance of Counsel

The Sixth Amendment to the Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). The habeas court's analysis centers on whether the state court properly applied the *Strickland* test. *See Williams*, 529 U.S. at 391 (noting that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").  Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 694.

a.    **Issue B** – Failure to Move to Suppress White T-shirt

Petitioner argues that the chain of custody for one of the items of clothing introduced at trial, a white t-shirt, was defective, and counsel was ineffective because he failed to move to suppress it.  Petitioner presented this claim to the PCR court and in his pro se petition for writ of certiorari. On appeal, the South Carolina Supreme Court denied certiorari. The PCR court found that Petitioner's assertion that trial counsel should have moved to suppress evidence, if error, would not meet the *Strickland* standard. App. 534-35. "[W]here there is a weak link in the chain of custody, as opposed to a missing link, the question is one of credibility and not admissibility.

*State v. Carter*, 544 S.E.2d 835, 837 (S.C. 2001). Petitioner cannot establish that even if his counsel had moved to suppress, the court would have granted the motion and suppressed the evidence. Accordingly, Petitioner's Issue B should be dismissed.

b. **Issue E** – Failure to Object to Improper Bolstering

Petitioner argues that trial counsel was ineffective because he failed to object to the Solicitor's comments in closing argument that Petitioner asserts were improper bolstering of the case. The PCR court noted in its findings that trial counsel "properly explained the withdrawal of the objection to the Solicitor's closing remarks. It is clear from the transcript of record of what occurred—the objection was made once [Petitioner's] name was used; but in the context of the argument, there was no error." App. 534. The South Carolina Supreme Court denied certiorari on this issue. In his petition for habeas corpus, Petitioner argues that the State may not bolster the credibility of one of its own witnesses, and the Solicitor's arguments constituted personal assurances from the State that went beyond the parameters of the trial record. ECF No. 1-2 at 21.

Petitioner is not entitled to relief based on the closing argument of the Solicitor, unless that argument "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Here, the Solicitor's comments did not suggest that the Solicitor was relying on information outside of the record. Accordingly, Petitioner has not shown that the PCR court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See Williams,* 529 U.S. at 399. Accordingly, this claim is without merit and should be dismissed.

c. **Issue F** – Failure to Object to Malice Charge

Petitioner asserts the trial court's jury instruction on malice confused the jury, which was apparent from the jury's request asking for a definition of malice. The court re-read its original charge on malice. App. 389. Petitioner claims his trial counsel was ineffective because he made no objection or exception to the charge. App. 394-95. Petitioner argues counsel should have objected to the second malice charge. The PCR court found that "the fact that the jury asked for the malice charge to be re-read does not mean that the charge was erroneous." App. 535.

The PCR court rejected claims that trial counsel was ineffective for failing to move to suppress evidence, for withdrawing his objection to the Solicitor's closing remarks, or for failing to object to the trial court's re-reading of the malice charge, finding the following:

> This Court finds in regards to the allegations of ineffective assistance of counsel the Applicant's testimony is not credible, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in their representation, and that trial counsel's conduct does not fall below the objective standard of reasonableness.
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the *Strickland* test – that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the Applicant.
>
> This Court also finds the Applicant has failed to prove the second prong of *Strickland* – that he was prejudiced by trial counsel's performance. All complaints against trial counsel were not substantiated by the evidence nor by the transcript of record. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance.

App. 535. Petitioner has not shown that the PCR court's findings and conclusions were contrary to, or an unreasonable application of, the *Strickland* standard. Petitioner's allegations in Issues B, E, and F should be dismissed in their entirety.

26

IV.  Conclusion

The undersigned has considered each of Petitioner's grounds for habeas corpus relief and recommends that each be dismissed. Accordingly, for the foregoing reasons, the court recommends that Respondent's motion for summary judgment, ECF No. 26, be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


July 19, 2012                                          Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**